IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE FERNANDO PEREZ-DEL-RIO, § § Petitioner, § § v. § § NATHANIEL QUARTERMAN, Director, § Texas Department of Criminal § Justice, Correctional § Institutions Division, § § Respondent. § | CIVIL ACTION NO. H-08-0599 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner, Jose Fernando Perez-Del-Rio's, Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket No. 14). For the reasons stated below, the court will grant Respondent's Motion for Summary Judgment and dismiss petitioner's Petition for a Writ of Habeas Corpus without prejudice.

**I. Factual and Procedural Background**

On July 2, 2004, petitioner was convicted of indecency with a child and was sentenced to six years' imprisonment.[1] Petitioner's

---

[1] The State of Texas v. Jose Fernando Perez-Del-Rio, Cause No. 963554 in the 228th District Court of Harris County, Texas.

conviction was affirmed by the Texas Court of Appeals on March 2, 2006.[2]  The Texas Court of Criminal Appeals denied petitioner's petition for discretionary review on November 1, 2006.[3]  Petitioner filed a state application for a writ of habeas corpus on June 20, 2007.[4]  The state application included claims of ineffective assistance of trial and appellate counsel, together with claims of trial court errors.  The application for a writ of habeas corpus is currently pending in the state habeas court.[5]  Petitioner then filed this Petition for a Writ of Habeas Corpus by a Person in State Custody in federal court asserting the same claims as his state habeas petition.[6]

## II.  **Failure to Exhaust**

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1197).  28 U.S.C. § 2254(b)(1)(A) states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

---

[2]Perez-Del-Rio v. State, No. 14-04-00963, 2006 WL 561887, at *1 (Tex. App. -- Houston [14th Dist.] Mar. 2, 2006, pet ref'd).

[3]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

[4]Respondent's Motion for Summary Judgment, Exh. A, Docket Entry No. 14.

[5]Id.

[6]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1). To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the state's highest criminal court must have an opportunity to review the merits of the claims. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing Picard v. Connor, 92 S. Ct. 509, 512-13 (1971)). In Texas a petitioner satisfies this requirement by properly filing a PDR with the Texas Court of Criminal Appeals or, with respect to claims not raised in a direct appeal, by filing a state application for a writ of habeas corpus in state district court, which forwards the application to the Court of Criminal Appeals pursuant to Tex. Code Crim. Pro. art. 11.07. See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

The exhaustion requirement is not satisfied until the Texas Court of Criminal Appeals disposes of petitioner's pending state habeas application. See Nobles, 127 F.3d at 419-20. The claims presented in petitioner's federal habeas petition are identical to those presented in the state habeas application.[7] Petitioner does not dispute that his state habeas petition is still pending; and, thus, his claims are not fully exhausted.[8]

---

[7]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

[8]Objection to Respondent's Motion for Summary Judgment, Docket Entry No. 16, p. 1.

### III. Conclusion and Order

For the foregoing reasons, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED** and petitioner Perez-Del-Rio's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice**.

**SIGNED** at Houston, Texas, on this the 10th day of July, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE